**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOIS WHITE )<br><br>Plaintiff, )<br><br>v. )<br><br>MCGUE FMLY LLC, an Illinois limited<br>liability company )<br><br>Defendant. ) | Case No. 1:25-cv-04963<br><br>Honorable |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Lois White, through her undersigned counsel, states the following in support of her Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant MCGUE FMLY LLC. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3.    Plaintiff is a resident of Cook County, Illinois.

1

4.    Defendant MCGUE FMLY LLC. is a limited liability company with its registered office located at 801 Adlai Stevenson Dr., Springfield, IL 62703.

5.    Upon information and belief, Defendant MCGUE FMLY LLC. owns or operates "Taco Bell" whose location qualifies as "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates the above paragraphs by reference.

7.    Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8.    Plaintiff suffered from these disabilities during her initial visits (and prior to instituting this action) to "Taco Bell."

9.    Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10.    Plaintiff's condition is degenerative and occasionally requires mobility aids to assist her movement.

11.    Plaintiff regularly travels to the Bolingbrook area to visit friends and shop. Plaintiff was last in the Bolingbrook area in March 2025. Plaintiff plans to return to the areas in June 2025.

12.    Plaintiff dines at restaurants when she is in the areas.

13.    Plaintiff does not always dine at the same restaurants, but prefers to shop around for the best menu, location, and ease of access to accommodate her disabilities.

14.    Plaintiff regularly experiences barriers to access relating to her disability at restaurants due to her frequent travels.

15.     While many restaurants advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16.     This requires Plaintiff to visit restaurants that offer the menu, pricing, and location she desires prior to dining to ensure that she can access the Facility in a manner equal to non-disabled individuals.

17.     Despite advertising that the Taco Bell restaurant is accessible, Plaintiff encountered barriers to access at the Bolingbrook Facility on March 8, 2025 that denied her full and equal access and enjoyment of the services, goods, and amenities.

18.     Plaintiff is currently deterred from considering the Facility as a dining option for her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19.     Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20.     Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21.     Plaintiff incorporates the above paragraphs by reference.

22.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facilities; and (4) Plaintiff's right to be free from discrimination due to her disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that she was discriminated against on the basis of her disability.

## COUNT II
### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a−3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Bolingbrook Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations effect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on March 8, 2025 at the Bolingbrook Facility located at 444 N. Bolingbrook Dr., Bolingbrook, IL 60440 that affected her disabilities:

    a. Unisex Restroom No. 1:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

ii. Failing to provide a trash can in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which aggravates Plaintiff's back injury and causes undue strain on her injuries.

iii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

iv. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her injuries.

v. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance ahe needs getting onto and off of the toilet due to her back and knee injuries.

5

vi. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar, and therefore strains her back and knee injuries as she needs the grab bars for assistance getting onto and off of the toilet.

vii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

viii. Providing sinks and/or countertops that are greater than the 34-inch maximum allowed above the finished floor or ground in violation of sections 606 and 606.3, which causes undue pressure on Plaintiff's back and makes it unsafe for her to use.

ix. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the coat hook.

b. Unisex Restroom No. 2:

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates Plaintiff's injuries and causes undue strain on her back because the door pressure is too heavy.

ii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back injury to use the coat hook.

iii. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

iv. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

v. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

vi. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards, which aggravates Plaintiff's back injury.

c. Parking:

i.   Failing to provide sign(s) for disabled parking or van disabled parking in violation of sections 502 and 502.6 of the Standards, which requires Plaintiff to park in a non-disabled parking area and walk further than necessary, which aggravates her injuries.

ii.  Failing to provide sign(s) for disabled parking at the correct height in violation of sections 502 and 502.6 of the Standards, which prevents Plaintiff from locating the disabled parking and causes Plaintiff to park in a non-disabled parking area and walk further than necessary, which aggravates her injuries.

29.   These barriers cause Plaintiff difficulty in safely using each element of the Facilities because of Plaintiff's impaired mobility and limited range of motion in her leg and back requiring extra care due to concerns for safety and a fear of aggravating her injuries.

30.   Defendant has failed to remove some or all of the barriers and violations at the Facilities.

31.   Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facilities in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32.   Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33.   It would be readily achievable for Defendant to remove all of the barriers at the Facilities.

34.     Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      declare that the Facilities identified in this Complaint is in violation of the ADA;

B.      declare that the Facilities identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C.      enter an Order requiring Defendant make the Facilities accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.      enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.      award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.      grant any other such relief as the Court deems just and proper.

Respectfully submitted,

CASS LAW GROUP, P.C.

/s/ Angela C. Spears
Angela C. Spears
CASS LAW GROUP, P.C.
20015 S. LaGrange Rd #1098
Frankfort, IL 60423
T: (872) 329-4844
E: aspears@casslawgroup.com
*Counsel for Plaintiff*

Dated: May 5, 2025